UNITED STATES of America, Plaintiff,

v.

SEYMOUR RECYCLING CORP., et al., Defendants.

No. IP 80–457–C.

United States District Court, S.D. Indiana, Indianapolis Division.

March 27, 1984.

Linley E. Pearson, Atty. Gen., State of Ind., Indianapolis, Ind.

Douglas F. Bauer, Amerace Corp., New York City, Richard R. McDowell, Hill, Fulwider, McDowell, Funk & Mathews, Indianapolis, Ind., for Amerace Corp. (Emconite Div.).

Joseph B. Carney, Baker & Daniels, Indianapolis, Ind., James L. Wamsley, III, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for American Greetings Corp.

Ronald E. Elberger, Bose, McKinney & Evans, Indianapolis, Ind., Jon M. Sebaly, Smith and Schnacke, Dayton, Ohio, for Angell Mfg. Co.

Stephen W. Leermakers, Ashland Oil Inc., Lexington, Ky., John A. West, Marcus P. McGraw, Greenebaum, Doll & McDonald, Lexington, Ky., John A. Conlon, Indianapolis, Ind., for Ashland Oil.

(James R. Adams, Cincinnati, Ohio, of counsel), William H. Hawkins, Vito C. Peraino, Frost and Jacobs, Cincinnati, Ohio, Ronald E. Elberger, Bose, McKinney & Evans, Indianapolis, Ind., for Aurora Casket, Lenk Mfg. Co. and Foster Transformer Co. (Seymour Electronics Div.).

Joseph E. DeGroff, Richard W. Fields, Martha Hollingsworth, Indianapolis, Ind., Jeffrey J. Lorenzo, Seymour, Ind., for Bd. of Aviation Com'rs of Seymour, Ind.

James E. Rocap, Jr., Rocap, Rocap, Reese & Young, Indianapolis, Ind., for Centralab.

Jerome C. Randolf, Keating, Muething & Kleekamp, Cincinnati, Ohio, Terrance P. Pohler, Indianapolis, Ind., John L. Spaulding, James T. Whittle, Jr., Spaulding, Grause & Phillips, Covington, Ky., Lawrence M. Reuben, Atlas, Jyatt & Reuben, Indianapolis, Ind., for Cloudsley Co.

Joseph B. Carney, George W. Pendygraft, Baker & Daniels, Indianapolis, Ind., for Contractors United, Inc. and Emery Industries (Nat. Distillers and Chemical Corp.).

John D. Dale, Jr., Taylorsville, Ky., for Custom Indus. Services, Inc.

Tim E. Sleeth, Frank L. Hearns, Phillip I. Dillingham, Smith and Hulsoy, Jacksonville, Fla., for Dayton Press, Inc.

Robert P. Palmer, V. Roch Grundman, Dresser Industries, Inc., Dallas, Tex., William P. Wooden, Wooden, McLaughlin & Sternes, Indianapolis, Ind., for Dresser Mfg.

John C. Duffey, Anthony S. Benton, Stuart and Branigin, Lafayette, Ind., for Egyptian Lacquer Mfg. Co.

William L. Schlosser, Baker, Orbison, Bales & Knowles, Indianapolis, Ind., James F. Allen, Elizabeth E. Tulman, Squire, Sanders & Dempsey, Columbus, Ohio, for Ferro Corp.

John A. West, Marcus P. McGraw, Greenebaum, Doll & McDonald, Lexington, Ky., John A. Conlon, Indianapolis, Ind., for Guardsman Chemicals, Inc., E.H. Marcus Paint Co., Natico, Inc. and Porter Paint.

Charles E. MacGregor, Richard T. Mullineaux, Wyatt, Tarrant, Combs & Orbison, New Albany, Ind., for Haas Cabinet Co., Inc.

William G. Baker, Baker and McNichols, New Castle, Ind., Steven A. Tasher, Donovan, Leisure, Newton & Irvine, Washington, D.C., Sam Watkins, Duffy and Watkins, White Plains, N.Y., for Hudson Wire Co.

Marvin L. Hackman, Lee B. McTurnan, Smith, Morgan & Ryan, Indianapolis, Ind., for IVC Indust. Coatings, Inc.

Jerry P. Belkamp, John M. Kyle, III, Indianapolis, Ind., Allan J. Topol, Washington, D.C., for Intern. Business Machines, Inc.

G. Robert Witmer, Jr., Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., Walter F. Lockhart, Ruchelshaus, Roland, Hasbrook & O'Connor, Indianapolis, Ind., for Jones Chemicals, Inc.

William G. Baker, Baker & McNichols, New Castle, Ind., Jeffrey L. Dow, The Kendall Co., Boston, Mass., Steven A. Tasher, Donovan, Leisure, Newton & Irvine, Washington, D.C., for the Kendall Co.

John Bickel, Thacker, Thacker, Bickel, Wetzel & Hodskins, Owensboro, Ky., John R. Hiner, Osborn & Hiner, Indianapolis, Ind., for Kentucky Electronics, Inc.

John D. Tully, John V. Byl, Grand Rapids, Mich., for Lakeway Chemicals Co. (Bofors Nobel, Inc.).

W.C. Blanton, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for Mobil Chemical Co.

Brent J. Gilhausen, Monsanto Co., St. Louis, Mo., William C. Barnard, Frank J. Deveau, Sommer & Barnard, Indianapolis, Ind., for Monsanto Co.

John R. Cromer, Mishkin, Cromer, Eaglesfield & Maher, Indianapolis, Ind., for Nat. Cash Register Corp.

David M. Haskett, Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., King, Deep, Branaman & Farmer, Henderson, Ky., for P.B. & S. Chemical Co., Inc.

Richard R. McDowell, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, Ind., Stephen C. Muther, New York City, for Phelps Dodge Industries, Inc.

Richard D. Wagner, Clifford W. Browning, Krieg, DeVault, Alexander & Capehart, Indianapolis, Ind., for Reynolds Metals Corp.

Donald Harrison, Miller & Chevalier, Chartered, Washington, D.C., Valerie Tarzian, Bloomington, Ind., for Sarkes Tarzian, Inc.

Ronald K. Lambring, Rothring, Lambring and Black, Seymour, Ind., for City of Seymour.

Samuel A. Bleicher, Frank, Bernstein, Conaway & Goldman, McLean, Va., Arthur F. Beck, Cline, King, Beck & Harrison, Columbus, Ind., for Seymour Mfg. Co., Inc.

Louis F. Cohen, Dillon & Cohen, Indianapolis, Ind., for Seymour Recycling (William Vance, Receiver).

W.C. Blanton, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., Joseph F. Michael-Kenney, A.O. Smith Corp., Milwaukee, Wis., for A.O. Smith Corp.

J. Christopher Jackson, Robin Madison DeMouth, Stewart-Warner Corp., Chicago, Ill., Scott Smith, W.C. Blanton, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for Stewart-Warner Corp.

Michael S. Walsh, Lawrence, Carter, Gresk, Leer, Kemp and Walsh, Indianapolis, Ind., for Superior Oil Co.

John R. Garry, Jr., New Albany, Ind., John J. Ford, Louisville, Ky., for Technical Products, Inc.

Richard R. McDowell, Hill, Fulwider & McDowell, Indianapolis, Ind., Robert A. Mattews, Union Carbide Corp., Danbury, Conn., for Union Carbide.

John R. Barker, U.S. Dept. of Justice, Land and Natural Resources Div., Environmental Enforcement Section, Washington, D.C., John Daniel Tinder, Charles Goodloe, Jr., Asst. U.S. Atty., Indianapolis, Ind., for U.S. of America.

William L. Schlosser, Baker, Orbison, Bales & Knowles, Indianapolis, Ind., Stephen K. Todd, U.S. Steel Corp., Pittsburg, Pa., for U.S. Steel Corp.

William G. Baker, Baker and McNichols, New Castle, Ind., Steven A. Tasher, Donovan, Leisure, Newton and Irvine, Washington, D.C., Richard J. Denney, Jr., Gen. Counsel, Fredrick S. Mueller, Environ. Counsel, Velsicol Chemical Corp., Chicago, Ill., for Velsicol Chemical Corp.

James E. Markle, President, Wastex Research, Inc., East St. Louis, Ill., for Wastex Research, Inc.

William R. Jacobs, Charles Atkins, Cincinnati, Ohio, for Whitten, Bruce A.

William C. Barnard, Frank J. Deveau, Sommer and Barnard, Indianapolis, Ind., Special Appearance.

Steven F. Schuster, Ogden, Robertson & Marshall, Louisville, Ky., for Blatz Paint Co.

Don Owens, III, Memphis, Tenn., for Burke-Hall.

Wayne F. Taylor, Corporate Counsel, Cincinnati Milicon, Cincinnati, Ohio, H. Terrance Smith, Warner, Norcross & Judd, Grand Rapids, Mich., for Carstab Corp.

Isadora Bernstein, Columbia, S.C., for Columbia Organic Chemical Co.

Frank Von Hagen, Cincinnati, Ohio, for Klor-Kleen, Inc.

Jerry Randolf, Keating, Muething & Kleekamp, Cincinnati, Ohio, Lawrence M. Reuben, Atlas, Hyatt & Reuben, Indianapolis, Ind., for Muller Industries, Inc.

## ENTRY AND ORDER

STECKLER, District Judge.

The above-captioned matter came before the Court for a ruling on a motion for leave to intervene and to be heard on the disbursement of funds, filed by 94 of the 101 homes and/or businesses situated in a subdivision in Jackson County, Indiana, known as the Snyde Acres Subdivision. The motion to intervene was filed on October 6, 1983, and on November 21, 1983, the State of Indiana filed its response to the motion; the United States' response was filed on December 13, 1983. Each response stated, essentially, a neutral position on the intervention; the United States noted that the Snyde Acres residents were not technically intervenors, but the United States approved of a hearing on the matter of the requested disbursement.

On January 16, 1984, the Court granted the motion to intervene. By entry, also dated January 16, 1984, the matter was scheduled for a hearing on February 27, 1984. The United States, on February 24, 1984, filed a Memorandum concerning petitioners' motion to be heard on the disbursement of funds for an alternate water system for Snyde Acres.

On February 27, 1984, the Court conducted a hearing on the requested disbursement of funds for a water system for Snyde Acres. Counsel who appeared during the hearing were:

Duge Butler, Esquire, for intervenors Ronald K. Lambring, Esquire, for the City of Seymour.

Robert K. Johnson, Esquire, for the State of Indiana.

Roger Field, Esquire, for the United States.

Robert D. Daniel, Esquire, for the United States.

Charles Goodloe, Jr., Esquire, for the United States.

In addition to the attorneys listed above, Ms. Beverly Kush, a United States Environmental Protection Agency engineer, who was assigned as on-scene coordinator during the surface cleanup at Seymour Recycling, attended the hearing. John Bottorff, John D. Roberts, Michael Sorensen and Keith W. Bossung, all residents of the Seymour area, attended the hearing. The hearing was also attended by a large contingent of interested citizens, and by numerous news media personnel.

The evidence of the intervenors was received; Messers. Bottorff, Roberts, Sorensen, and Bossung testified. The respondents (plaintiff and defendants) offered no evidence. The United States relied on its response to the motion to intervene and its memorandum of February 24, 1984.

Having considered the motion of the intervenors and the responses to the motion; having thoroughly studied the February 24, 1984, memorandum and attachment filed by the United States; having carefully considered the evidence offered during the hearing on this matter; and, having evaluated the materially pertinent statutes, the Court does now submit its ruling.

The Court hereby adopts the historical recitation of the applicable facts concerning the above-captioned matter, as recited in a memorandum entered on December 15, 1982, 554 F.Supp. 1334.

After the Court entered the consent decree on December 15, 1982, (which provided for a surface cleanup at the Seymour Recycling site), the United States collected approximately Three Million Dollars ($3,000,000.00), pursuant to covenants between the plaintiffs and local officials and certain of the shippers and transporters of waste to the Seymour site. These funds were deposited in the Registry of the Court, pursuant to an August 10, 1983, motion filed by the United States and the Court's order approving the motion.

The Court finds that there are approximately 101 homes and/or businesses in Snyde Acres, a subdivision located in Jackson County, Indiana. Snyde Acres is situated approximately 1,000 feet north of the acreage at Freeman Field, in Jackson County, which was the site of the Seymour Recycling Corporation.

The businesses and homes of the Snyde Acres Subdivision use well water; these wells draw water from the shallow aquifer, below the surface, and have a depth of approximately 18 to 30 feet. The United States has conducted preliminary studies of the soil and groundwater contamination around the Seymour Recycling site. Tests have also been made of the wells used by Snyde Acres residents. Tests of water from the wells in the Snyde Acres Subdivision indicate that such wells are not now contaminated by chemicals from the Seymour Recycling site; however, the preliminary scientific and engineering studies of the soil and the shallow aquifer around the Seymour Recycling site permit the inference that the wells could become contaminated by the movement of chemicals from the site.

The preliminary study, which was completed in February, 1982, has documented the contamination of the shallow aquifer that passes under the Seymour Recycling site. The study confirms that groundwater in the shallow aquifer flows to the North-Northwest of the site, in the direction of the Snyde Acres subdivision and other nearby residences. The study documented the release, from the Seymour Recycling site, of such hazardous substances as benzene, phthalates, trichlorethane and other organic compounds. The record before the Court clearly supports a finding that there has been a release of hazardous substances from the Seymour Recycling site that may present an imminent and substantial endangerment to the public health or the welfare of persons who use private wells that draw groundwater from the shallow aquifer downgradient of the Seymour Recycling

site. Groundwater monitoring by U.S. EPA and the State of Indiana, however, has not shown that an immediate danger exists to people using the wells in the Snyde Acres area.

Irrespective of the fact that the Indiana State Board of Health and the United States Environmental Protection Agency have tested wells in and around the Snyde Acres Subdivision for contamination for several months, and such wells do not, at this time, show contamination, the residents of the Snyde Acres have a fear that the wells may become contaminated; some residents do not, now, use the water from their wells, except for bathing. The testimony established that some residents have not used their well water for drinking purposes for more than one year. The potential threat is, therefore, imminent within the meaning of the applicable statutory provisions because the groundwater in the shallow aquifer flows in the direction of Snyde Acres residences and the contaminants can be expected eventually to reach those residences.

Keith W. Bossung, the manager of Indiana-American Water Company, Inc.—Seymour District (hereafter Indiana-American), has testified that Indiana-American services the City of Seymour, and has sufficient capacity to serve Snyde Acres. Specifically, the evidence through the testimony of Mr. Bossung established:

"It is my understanding that there now is evidence that approximately 101 residential dwellings may initially be served from this proposed water main extension. Based on 1983 historical data, the average residential customer in Seymour utilized approximately 54,000 gallons of water per year. Anticipating the addition of 101 residential customers in the Snyde Acres area, the additional projected water usage for this area would be 5,454,000 gallons per year or an average of approximately 15,000 gallons per day. 1983 average daily pumpage was 1,368 million gallons. With the addition of the Snyde Acres customers a

projected average daily pumpage of 1.383 million gallons could be anticipated.

In terms of peak daily requirements, it is anticipated that based on 1983 peak day residential usage, the addition of 101 residential customers may result in an additional 18,000 gallons per day peak usage. The historical peak day pumpage on record for the Seymour District is 2.102 million gallons. The addition of peak daily requirements for the 101 residential customers brings the projected peak day pumpage requirements to 2.120 million gallons per day.

Considering the average projected daily pumpage requirement of 1.368 million gallons and projected peak daily pumpage requirement of 2.120 million gallons and realizing that the existing rated capacity of the Seymour District water treatment and pumping facility is 2.7 million gallons per day, it is evident that the projected water demands of the Seymour water system can be easily met with the addition of the 101 Snyde Acres residential customers." (Hearing Exhibit No. 3)

Indiana-American draws its water for the City of Seymour from the White River, approximately four miles upstream from Seymour, Indiana.

The manager for Indiana-American further testified that the total estimated cost for the installation of a water system would be approximately $300,000.00. It was established that Indiana-American has a 16 inch water main in existence and in use which terminates at a point less than 1,000 feet from Snyde Acres. The projection by the manager of Indiana-American called for installing a 12 inch main from the 16 inch main, to deliver water to the Snyde Acres Subdivision. Smaller lines would be used to deliver water to the individual residences and/or businesses. Indiana-American would contract for the installation of the water mains with a pipe laying company. A separate contract with a plumbing company would be required for the connection of water lines to the homes, from the water mains. The

costs of the contract with a pipe laying company and a plumbing company were a part of the estimate by Indiana-American for the installation of the water system. Indiana-American's estimate of the cost of the installation of the water system was based on the use of asbestos-cement pipe; it was established that the use of ductile iron pipe would cost more than asbestos-cement pipe (No evidence was taken on the acceptability, or cost effectiveness of one type pipe as opposed to the other type pipe).

The United States has undertaken new studies which are designed to define more precisely the extent and nature of the endangerment to the public health or welfare or to the environment, so that appropriate precise remedial measures can be developed. Although such studies are in process and no conclusions can be made, it is evident that any permanent remedial actions taken at the site will likely include the installation of a public drinking water supply at Snyde Acres.

The applicable statute [42 U.S.C. § 9601(24)] expressly includes the "provision of alternative water supplies" as a "remedy". A public water system which is not contaminated by the Seymour Recycling site would remove the dangers that are presented by the contamination of the shallow aquifer around the site.

On consideration of the motion of the intervenors, the responses thereto, the memorandum of the United States, the evidence received during the hearing on February 27, 1984, and the statements of counsel, the Court does now submit its ruling.

It is hereby ordered, adjudged and decreed that, the Court has jurisdiction to order the installation of the water system in accordance with the materially pertinent statutes and regulations, that the health of the citizens of Snyde Acres may be affected by contamination moving from the Seymour Recycling Corporation site, that a public drinking water supply to Snyde Acres will remove that aspect of the potential health hazard, and that Indiana-American has the capacity to supply water from its facilities in the area to Snyde Acres.

Accordingly, on receipt of specifications and plans which have been considered and approved by the appropriate federal, state and local government entities, where required, and on being satisfied that funds from the Registry of the Court will be appropriately applied to the abatement of a potential health hazard, the Court will order the disbursement of funds from the Registry of the Court, for the installation of a public drinking water system to the Snyde Acres Subdivision, Jackson County, Indiana.

It is further hereby ordered that counsel for the intervenors, counsel for Jackson County, counsel for the City of Seymour, representatives of Indiana-American, and counsel for the United States, and other appropriate persons, or entities, shall meet forthwith and commence the formulation of a plan to be submitted to the Court for its approval.